IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLYN EARL JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:97-cv-1103-G |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Glyn Earl Johnson has filed a Federal Rule of Civil Procedure 60(b) motion, seeking to set aside the Court's December 29, 1997 judgment dismissing this civil action by which Petitioner sought an extension of time to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 7. Senior United States District Judge A. Joe Fish referred the motion to the undersigned magistrate judge for a hearing, if necessary, and for recommendation. *See* Dkt. No. 8. Petitioner's Rule 60(b) motion should be denied.

**Background**

Judge Fish set forth the "unusual procedural history" of this case in a 2010 order. *See United States v. Johnson*, No. 3:97-cv-1103-G, 2010 WL 2670789, at *1-*2 (N.D. Tex. July 1, 2010). In 1995, Petitioner pled guilty to conspiracy to possess cocaine with intent to distribute and money laundering and was sentenced to a total term of 324 months confinement. His conviction and sentence were affirmed on direct appeal.

-1-

*See United States v. Johnson,* No. 95-10818, 1996 WL 248940 (5th Cir. Apr. 10, 1996).

In April and May of 1997, Petitioner wrote two letters to the district judge asking for an unspecified extension of time to file a motion for post-conviction relief. The first letter was received on April 9, 1997. *See United States v. Johnson*, No. 3:97-cv-098-G(2), Dkt. No. 322 (Findings and Recommendation of United States Magistrate Judge Jeff Kaplan). Petitioner said that he wanted to file a motion under 28 U.S.C. § 2255 but was confused about the appropriate deadline under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A *pro se* staff attorney responded to this letter on April 23, 1997. *See id.* Petitioner was told that the Court could not render an advisory opinion and that he would need to file a formal motion for extension of time. *See id.* Before Petitioner received this response, he sent a second letter to the judge. *See id.* This letter was received on April 24, 1997 and was not answered. *See id.*

Petitioner then filed a formal motion for extension of time on May 7, 1997. *See id.*; *see also* Dkt. No. 321. Magistrate Judge Jeff Kaplan recommended denying Petitioner's motion for extension of time, explaining that:

> Movant has failed to show any grounds for an extension. He does not specify the claims he wants to raise in his section 2255 motion or explain why he waited over a year after his conviction was affirmed on appeal to seek habeas relief. Moreover, the statute does not provide any basis for a court to extend the one-year limitations period.

Dkt. No. 322 at 3. Judge Fish adopted this recommendation and denied Petitioner's motion for extension of time. *See* Dkt. Nos. 325 & 326.

Petitioner then unsuccessfully sought leave to file an "amended and recast petition" under Section 2255 in October 1997. *See* Dkt. Nos. 337 & 339.

On December 8, 1997, the Court *sua sponte* entered an order determining that the October 1997 motion "was improvidently denied" and "should have been liberally construed as a motion for post-conviction relief under 28 U.S.C. § 2255 and referred to the magistrate judge for recommendation." *See* Dkt. No. 347. The Court's order vacated its previous order denying the October 1997 motion and referred that motion to the Judge Kaplan for findings and a recommendation. *See id.* Judge Kaplan promptly made findings and a recommendation but addressed only Petitioner's application to proceed *in forma pauperis* on appeal, not the motion to file an amended Section 2255 pleading. *See* Dkt. No. 348. Judge Kaplan expressly acknowledged that the October 1997 motion remained pending. *See id.* at 3 n.2. The Court adopted Judge Kaplan's findings and recommendation and denied the application for leave to proceed *in forma pauperis* on appeal. *See* Dkt. Nos. 353 & 354.

In light of the Court's decision to vacate its order denying the October 1997 motion, Petitioner filed a motion to dismiss his appeal without prejudice, which the Fifth Circuit granted in February 1998. *See United States v. Johnson*, No. 97-11261 (5th Cir. Feb. 19, 1998).

Petitioner did not take any action in this case between 1998 and 2009. On October 20, 2009, he filed a motion that was styled as a motion under Federal Rule of Criminal Procedure 52(b). *See* Dkt. No. 391. The Court referred the motion to Judge Kaplan. *See* Dkt. No. 403. After finding that the Rule 52(b) motion should be construed as a petition for post-conviction relief under 28 U.S.C. § 2255, Judge Kaplan – proceeding from the belief that the October 1997 motion had already been denied –

recommended that the Rule 52(b) motion be denied as a second or successive Section 2255 petition. *See* Dkt. No. 404. Judge Fish then set forth the correct procedural history, construed the October 1997 motion as a motion to vacate, set aside, or correct sentence, and determined that the motion was barred by limitations. *See Johnson*, 2010 WL 2670789, at *2-*3. The Court also denied Petitioner's Rule 52(b) motion. A certificate of appealability was denied by the United States Court of Appeals for the Fifth Circuit. *See United States v. Johnson*, No. 10-10997 (5th Cir. June 22, 2011).

Petitioner now seeks relief pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6), contending that the Court erred by failing to provide a *Castro* notice before construing his October 1997 correspondence as a motion to vacate, set aside, or correct sentence. *See* Dkt. No. 7.

**Legal standards**

Rule 60(b) provides that a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of certain enumerated grounds, including a void judgment and "any other reason that justifies relief." FED. R. CIV. P. 60(b)(4) & (6). The Court may grant relief under Rule 60(b)(4) only if the judgment itself is a legal nullity. *See F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 267 (5th Cir. 2013). Rule 60(b)(6) relief is appropriate if it is "made within a reasonable time" and the movant establishes the "extraordinary circumstances" to justify reopening a final judgment. *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

**Analysis**

Petitioner has failed to establish that he is entitled to relief under Rule 60(b)(4)

or (6). He seeks to reopen this civil proceeding based on the Court's alleged error in failing to provide *Castro* warnings that his October 1997 correspondence would be considered a motion to vacate, set aside, or correct sentence.

But a review of the procedural history of this case confirms that any failure to provide *Castro* warnings does not justify relief. In 2010, Judge Fish determined that Petitioner's motion to vacate, set aside, or correct sentence was barred by the AEDPA's limitations period and that "this case does not present the kind of extraordinary circumstances that would entitle Johnson to equitable tolling of the statute of limitations." *See Johnson,* 2010 WL 2670789, at *3. Accordingly, even if the Court had provided additional instruction to Petitioner to set forth all bases for collateral relief, his petition would have been denied as time-barred.

The final judgment issued by the Court in this case is not a legal nullity for the purposes of Rule 60(b)(4), and Petitioner has not established that his Rule 60(b) motion was filed within a "reasonable time" or sets forth the "extraordinary circumstances" justifying Rule 60(b)(6) relief. Accordingly, this motion should be denied.

## Recommendation

Petitioner's Rule 60(b) motion [Dkt. No. 7] should be denied with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE